IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John J. Davis,  Case No. 3:06CV0734

    Plaintiff,

v.  ORDER

The United States of America, *et al.*,

    Defendants.

Following an adverse determination in a state court divorce proceeding, John Davis (Davis) brought suit against the United States Bureau of Citizenship and Immigration Services (Bureau) and his ex-wife, Svetlana Davis (Svetlana). Davis seeks a declaratory judgment determining a correction of the amount he owes Svetlana under an affidavit of support he filed on her behalf upon her entry into the United States. The Bureau moved to dismiss under Fed. R. Civ. P. 12(b)(1).

For the following reasons, the Bureau's motion to dismiss will be granted.

**Background**

Davis brought Svetlana, a Ukranian citizen, and her adolescent twin sons to this country shortly after he married her. On January 21, 2000, so that she might obtain permanent resident status (and be allowed to enter the country), he filed an affidavit of support claiming that he would at least support her at 125 percent of the national poverty level. If an immigrant risks becoming a public charge, she will not gain entry into the country. Sponsors of immigrants file affidavits of support to allow immigrants to enter the country despite such determinations.

Davis initiated divorce proceedings against Svetlana in 2001. After the Wood County Court of Common Pleas granted her a legal separation, Svetlana appealed the amount of court ordered

support.[1] Relying on the affidavit of support, the Ohio court of appeals required Davis to pay her $900 monthly for at least eight years. Davis believes that the State appellate court incorrectly calculated the amount of support required by the affidavit of support.

## Discussion

District courts have federal question jurisdiction under 28 U.S.C.§ 1331 over any civil action "arising under the Constitution, laws, or treaties of the United States." A cause of action arises under federal law when federal law creates the cause of action or the suit requires a significant interpretation of federal law. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). Davis must indicate on the face of the complaint which federal law grants him the right to sue. He attempts to meet this requirement by basing his claim of federal question jurisdiction on interpretations of 28 U.S.C. § 2201 (the Declaratory Judgment Act) and 8 U.S.C. § 1183a(e)(1) (relating to Affidavits of Support).

First, Davis wishes to enter the federal courts by relying on §2201. Section 2201, however, creates no new cause of action, it just allows courts to issue an additional type of remedy. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

Next, Davis claims to have a federal cause of action under § 1183a(e)(1). That section states "an action to enforce an affidavit of support ... may be brought *against the sponsor ... by a sponsored alien*, with respect to support." (emphasis supplied). Nowhere does § 1183a state a cause of action by the sponsor against the sponsored alien. Thus, Svetlana could sue Davis under § 1183a(e)(1), but Davis cannot sue her or the Bureau.

---

[1] The State court did not believe that it had jurisdiction to enforce the Affidavit of Support.

Further, affidavits of support are contracts, which are enforceable in state courts. Svetlana already obtained a ruling against Davis in a state court. Davis cannot bring an action in district court to question the state court determination of the meaning of the affidavit of support. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

Finally, assuming *arguendo*, that Davis's claim arises under federal law, he has no standing to sue the Bureau. To have standing to enter the federal courts, a plaintiff to show: 1) an actual injury; 2) that the defendant's action caused the injury; and 3) possible redress of the injury from the defendant. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Bureau cannot correct Davis's alleged injury by any § 2201 declaration because his alleged injury comes from a state court decision, not a Bureau decision.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the United States of America Bureau of Citizenship and Immigration Services' motion to dismiss be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge